IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-153 |
| | ) | |
| JAMES A. JONES, JR., | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motion to Suppress [Doc. 14], filed on January 30, 2009. The parties appeared for an evidentiary hearing on this motion on March 5, 2008. Assistant United States Attorney David P. Lewen appeared on behalf of the government. Attorney Paula R. Voss represented the defendant, who was also present. The Court heard the evidence and arguments of the parties. During the defendant's cross-examination of Officer Tony Hall, Ms. Voss attempted to play a CD (Exhibit 2) of an audio recording from Officer Joey Mattina's police cruiser, but she was not able to get the CD to play. At the conclusion of the hearing, Ms. Voss requested time to file another copy of the CD along with a supplemental brief referencing the portions of the CD that she wished to point out to the Court. The Court asked defense counsel to file the CD and supplemental brief by March 16, 2009. The Court also stated that it would attempt to play Exhibit 2 in chambers.

1

On March 31, 2009, Ms. Voss was before the Court on another matter. She spoke with the undersigned after the hearing and asked that she still be allowed to file the supplemental brief in this case. Ms. Voss stated that she had to obtain a new copy of the CD from the government and had only recently received her new copy. This delay had prevented her from filing her supplemental brief in a more timely fashion.

The Court has been able to play Exhibit 2 and finds that a supplemental brief that points to the portions of the CD (referencing them by the time given on the CD) that the defendant believes are important would be helpful to the Court's determination of this issue. Additionally, the defendant has not responded to the government's contention that even if the Court finds that the evidence is subject to suppression, suppression is not warranted under the balancing test in Herring v. United States, 129 S. Ct. 695 (2009), because Officer Hall committed no flagrant or abusive violations of the law. Accordingly, the defendant is **DIRECTED** to file a supplemental brief on or before **April 10, 2009**. In this brief, the defendant should direct the Court to those portions of Exhibit 2 that he believes support his argument, explain the relevance of those portions designated, and address the government's argument that suppression is not warranted under the analysis in Herring. The government has until **April 17, 2009**, to file a response to the supplemental brief. Following these supplemental filings, the Court will take the defendant's suppression motion under advisement.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge